UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF ALABAMA

In re                                              Case No. 01-1972-DHW
                                                   Chapter 13
CHARLES WAINE BAIRD,

      Debtor.
_____

CHARLES WAINE BAIRD,

      Plaintiff,

v.                                                 Adv. Proc. No. 04-3015-DHW

UNITED STATES OF AMERICA,

      Defendant.

## MEMORANDUM OPINION

On March 4, 2004, Charles Waine Baird ("Plaintiff") filed this adversary proceeding against the United States of America, Internal Revenue Service ("Defendant" or "IRS"), alleging a willful violation of the automatic stay imposed by 11 U.S.C. § 362 and seeking to hold the defendant in contempt of court. Plaintiff seeks $50,000 in compensatory damages, punitive damages, and attorney fees.

The parties agree that there is no dispute of material fact and have filed a joint stipulation of facts (Doc. #22). Upon consideration of the undisputed facts and the parties' respective briefs of law, the court concludes that the defendant willfully violated the automatic stay but is not liable to the plaintiff for damages.

### JURISDICTION

The court's jurisdiction over this proceeding is derived from 28 U.S.C. § 1334 and from the United States District Court for this district's general order

of reference of title 11 matters to this court. Further, because this is a core proceeding under 28 U.S.C. § 157(b)(2), this court's jurisdiction extends to the entry of a final order or judgment.

## FACTUAL FINDINGS

The court adopts the parties' joint stipulation of facts (Doc. #20 and 22), which may be summarized as follows:

The plaintiff, Charles Waine Baird, filed a chapter 13 petition (Case No. 01-01972) in this court on March 27, 2001, and listed the United States as a creditor. On April 26, 2001, the IRS filed a claim in the amount of $7,755.65 but subsequently amended the claim to $5,755.65.

On September 26, 2002, the chapter 13 trustee filed a motion to dismiss the plaintiff's chapter 13 case. That same day the court entered an order granting the trustee's motion and dismissing the case effective 25 days from the date of the order unless within that time the debtor filed an objection (Doc. #18). The order was served on the IRS.

On October 17, 2002, the debtor filed a timely objection to the trustee's motion to dismiss, and the matter was set for hearing on November 18, 2002. The IRS was not served with a copy of the debtor's objection or the court's order setting the hearing. Following the hearing, the court on November 25, 2002, entered an order denying the trustee's motion to dismiss (Doc. #23). The IRS was not served with a copy of the court's order denying the motion to dismiss.

The IRS began a series of contacts with the debtor in an effort to collect taxes due. On January 6, 2003, the IRS sent the debtor a Notice of Intent to Levy. On February 10, 2003, IRS sent the debtor a second Notice of Intent to Levy. On August 11, 2003, IRS notified the debtor that it had offset an overpayment of 2002 taxes against taxes due for 2001. Further, the debtor was advised by the Department of Treasury that a portion of his Social Security benefit had been paid to the Veterans Administration Medical Center.

On June 3, 2003, debtor's counsel first wrote to the United States Attorney's office concerning the levy notices. Counsel sent a second letter to

2

the United States Attorney on September 18, 2003. Patricia A. Conover, Assistant United States Attorney, responded to counsel's second letter advising, *inter alia*, that the IRS would be advised to stop collection efforts. Then, on March 4, 2004, the debtor initiated this adversary proceeding.

The debtor's attorney's fees in prosecuting this matter as of August 30, 2004 amount to $5,125.00.

## CONCLUSIONS OF LAW

The court's first task is to determine whether the defendant willfully violated the automatic stay. If a willful violation of the automatic stay is found to have occurred, the next step is to determine the measure of the debtor's allowable damages.

### Willfulness

The filing of a petition under title 11 operates as a stay of any act to collect, assess, or recover a prepetition debt of the debtor.[1] The stay continues in effect until the debtor's case is dismissed or until entry of the order of discharge. *See* 11 U.S.C. § 362(c)(2). Further, the Bankruptcy Code provides that an individual debtor who is injured by a willful violation of the automatic stay shall recover actual damages, including attorneys' fees and costs, and, in certain circumstances, may recover punitive damages.[2]

The IRS violated the automatic stay by its actions to collect the prepetition

---

[1] 11 U.S.C. § 362(a)(6) provides:

(a) . . . a petition filed under . . . this title . . . operates as a stay, applicable to all entities, of—
   (6) any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case under this title.

[2] 11 U.S.C. § 362(h) provides:

(h) An individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages.

3

claim during the pendency of the chapter 13 case. The IRS contends that its actions were justified because it mistakenly believed the debtor's chapter 13 case had been dismissed. Hence, the IRS argues that it did not willfully violate the automatic stay. The court is not persuaded.

In this circuit "willfulness generally connotes intentional action taken with at least callous indifference for the consequences." *Jove Engineering, Inc. v. Internal Revenue Service*, 92 F.3d 1539, 1555 (11th Cir. 1996) (quoting *Sizzler Family Steak Houses v. Western Sizzlin Steak House, Inc.*, 793 F.2d 1529, 1535 (11th Cir. 1986)). The standard for a willful violation of the automatic stay is met if the defendant has knowledge of the stay and intends the actions which constitute the violation. *Goichman v. Bloom (In re Bloom)*, 875 F.2d 224, 227 (9th Cir. 1989). It does not require a specific intent to violate the stay. *Id.* Once notified by the debtor of the bankruptcy filing, a creditor has the responsibility to refrain from violating the stay. *Mitchell Const. Co., Inc. v. Smith (In re Smith)*, 180 B.R. 311, 319 (Bankr.N.D.Ga. 1995).

In the case *sub judice* the IRS had knowledge of the debtor's bankruptcy case. Following receipt of a conditional order of dismissal, it deliberately mailed tax levy and set-off notices to the debtor regarding the collection of the debtor's prepetition tax obligation. The IRS was not justified in unilaterally treating the case as dismissed based on receipt of an order which clearly made dismissal conditional. If in doubt as to the status of the case, the IRS had a duty to make an inquiry prior to commencing actions in violation of the automatic stay. Therefore, the court finds that the IRS willfully violated the stay.

Damages

The court turns next to the amount of damages available to the plaintiff as a result of the willful violation of the stay. Generally, 11 U.S.C. § 362(h) authorizes recovery of actual damages, including costs and attorney's fees, and in appropriate circumstances, punitive damages. However, because this action is against the United States, there are limitations on the available damages.

Pursuant to 11 U.S.C. § 106, sovereign immunity is abrogated by the United States with respect to an action brought under 11 U.S.C. § 362 allowing the court to issue a money judgment against the government. Punitive damages,

however, cannot be a component of the money judgment. 11 U.S.C. § 106(a)(3).[3]

Unlike punitive damages, actual damages may be recovered against the government. Actual damages for a willful violation of the automatic stay by the IRS are controlled by 26 U.S.C. § 7433(e). Under that section, administrative and litigation costs are allowed only as prescribed by 26 U.S.C. § 7430. *See Matthews v. United States (In re Matthews),* 184 B.R. 594, 599 (Bankr. S.D. Ala. 1995) (citing *Grewe v. United States (In re Grewe)*, 4 F.3d 299, 301 (4th Cir. 1993) and *United States v. Germaine (In re Germaine)*, 152 B.R. 619, 625 (B.A.P. 9th Cir. 1993)). Here, plaintiff seeks to recover actual damages for emotional distress and attorney's fees.

Specifically, the plaintiff in his complaint alleges emotional damages in the form of "worr[y], . . . embarrassment, humiliation, and mental anguish." No evidence supporting these damages appears within the parties' joint stipulation of facts. Hence, the court has no factual basis upon which to find that these injuries were suffered. However, even assuming that the damages of this sort were suffered, the debtor must prove "the amount of damages with reasonable certainty." *In re Alberto*, 119 B.R. 985, 995 (Bankr. N.D. Ill. 1990). "A damage award must not be based on 'mere speculation, guess, or conjecture.'" *John E. Green Plumbing and Heating Company, Inc. v. Turner Construction Company,* 742 F.2d 965, 968 (6th Cir. 1984) (quoting *Zirin Laboratories International v. Mead-Johnson & Co.*, 208 F. Supp. 633 (E.D. Mich. 1962)). Without a basis in fact or proof of damages with reasonable certainty, the court cannot award the plaintiff damages for worry, embarrassment, humiliation, and mental anguish.

Under 26 U.S.C. § 7430, attorneys' fees may be awarded in an action under § 362(h) if: 1) the debtor is the prevailing party in a tax case; 2) the

---

[3] The exact text of the statute provides:

(3) The court may issue against a governmental unit an order, process, or judgment under such sections or the Federal Rules of Bankruptcy Procedure, including an order or judgment awarding a money recovery, but **not including an award of punitive damages**. . . .

11 U.S.C. § 106(a)(3) (emphasis added).

5

proceeding is an administrative or court proceeding; 3) the action is brought by or against the United States in connection with collection of any tax; and 4) the United States was substantially unjustified in its position. *See Abernathy v. United States (In re Abernathy)*, 150 B.R. 688 (Bankr. N.D. Ill. 1993).

In this case the plaintiff has met his burden with respect to the first three of these elements entitling him to recover attorney's fees. The plaintiff has prevailed here in that he has proven the IRS willfully violated the automatic stay. Further, the proceeding in this court is an action against the United States brought in connection with its efforts to collect a tax. The plaintiff, however, has not proven that the United States was substantially unjustified in its position.

In this circuit attorneys' fees are recoverable only when the government's position taken during the court proceeding is substantially unjustified. 26 U.S.C. § 7430(c)(7)(A); *see Rasbury v. IRS (In re Rasbury)*, 24 F.3d 159 (11th Cir. 1994); *In re Parker*, 279 B.R. 596 (Bankr. S.D. Ala. 2002); *cf. Ewing and Thomas, P.A. v. Heye*, 803 F.2d 613 (11th Cir. 1986) (superceded by statute).[4] In other words, attorneys' fees may be awarded only if the government's position was unjustified in the course of litigating this very adversary proceeding. Here, the wrongful conduct of the IRS occurred pre-litigation. During the course of this adversary proceeding, the IRS, through its counsel, has acted ethically and professionally and with justification in its challenge of the plaintiff's claim for damages. Hence, it is impermissible to award the plaintiff damages representing his attorney's fees.

Accordingly, the court finds that although the IRS willfully violated the automatic stay imposed by 11 U.S.C. § 362(a), it is not liable to the plaintiff for damages. Pursuant to Fed. R. Bankr. Proc. 9021, a judgment consistent with this

---

[4] *Ewing* was decided prior to an amendment to Section 7430 providing an additional basis for recovery. A plaintiff may now recover costs and fees incurred in an administrative proceeding (as well as a court proceeding) if the government's position in that proceeding is substantially unjustified.

6

memorandum opinion will enter separately.

Done this 24th day of November, 2004.

/s/ Dwight H. Williams, Jr.
United States Bankruptcy Judge

c: Debtor
David Weston, Attorney for Plaintiff/Debtor
Candice M. Turner, Attorney for Defendant